**Stephanie HILL and David Hartley, Plaintiffs,**

v.

**LYNCH CHEVROLET, INC., and Bank One Corporation, Defendants.**

No. 04 C 6074.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 13, 2004.

Christopher V. Langone, Jeffrey Naffziger, Craig Rein Frisch, Datoya Jacques Burtin, Langone Law Firm, Chicago, IL, for Plaintiffs.

Joseph R. Marconi, Christopher J. Stathopoulos, Johnson & Bell, Ltd., Gloria R. Mitka, Michael Louis Kurzeja, JPMorgan Chase, Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

MORAN, Senior District Judge.

In this dispute over the purchase of a vehicle, defendant Lynch Chevrolet, Inc. (Lynch)has filed a motion to stay pending arbitration, contending that plaintiff Stephanie Hill agreed to arbitrate that dispute. Hill denies that she so agreed and contends that her name was forged to the agreement upon which Lynch relies. Both parties agree that the issue of whether or not everyone agreed to arbitrate has to be decided before the case can proceed, or at least before it can proceed to arbitration.

But who decides? Lynch claims this court should decide because it is merely seeking to stay this action pending arbitration, pursuant to Section 3 of the Federal Arbitration Act (FAA), 9 U.S.C. § 3. Hill counters by contending that what Lynch really wants is to arbitrate the dispute, and the issue of whether or not she can be compelled to arbitrate is governed by § 4 of the FAA, which provides for a jury trial on that narrow issue.

If Lynch wants us merely to stay the action, and prevails, this case will be stayed. Hill can refuse to proceed to arbi-

tration and this dispute may never be resolved. That might not be a bad result for Lynch, but it also makes no sense. In reality, Lynch wants the stay because it wishes to arbitrate the dispute and believes it has a right to do so. Its motion implicates both § 3 and S4. If Hill wants a jury trial limited to deciding the arbitration issue, she is entitled to it.

Accordingly, we stay this action except for discovery limited to the issue of whether or not Hill signed the agreement consenting to arbitration or authorized another to sign for her. If that issue cannot be resolved by motion following discovery, we will call a special jury to decide. All discovery on that issue should be completed before a status set for February 9, 2005, at 9:15 a.m. Bank One N.A.'s motion to stay discovery is granted in part and denied in part, as indicated above.